UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMIAN SMITH, #766392,

        Plaintiff,

v.

        CASE NO. 2:24-CV-10143
        HON. GEORGE CARAM STEEH

WINGER, et al.,

        Defendants.
_____/

**OPINION & ORDER OF SUMMARY DISMISSAL**

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan prisoner Damian Smith ("Smith"), currently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, see Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"), mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=766392, asserts that prison officials failed to protect him from assault by fellow inmates while he was confined at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan, and failed to protect him from assault by a fellow inmate and used excessive force against him when he was transferred and confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan. He names several prison employees at both facilities as the

defendants in this action. He sues the defendants in their official and personal capacities and seeks monetary damages. ECF No. 1. The Court has granted Smith leave to proceed without prepayment of the filing fee for this action. ECF No. 4. For the reasons stated herein, the Court concludes that the civil rights complaint is subject to summary dismissal.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), a federal court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A federal court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). Nonetheless, Federal Rule of Civil

Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).  While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions.  Twombly, 550 U.S. at 555.  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Id. (quoting Twombly, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 557).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Twombly, 550 U.S. at 555-556 (citations and footnote omitted).

    To state a federal civil rights claim, a plaintiff must allege that: (1) he

or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state or federal law.  Flagg Bros. v. Brooks, 436 U.S. 149, 155-157 (1978); Harris v. Circleville, 583 F.3d 356, 364 (6th Cir. 2009).   Additionally, a plaintiff must allege that the deprivation of his or her rights was intentional, not merely negligent. Davidson v. Cannon, 474 U.S. 344, 348 (1986); Daniels v. Williams, 474 U.S. 327, 333-336 (1986).

Additionally, under the PLRA, a prisoner is required to exhaust available administrative remedies before filing a federal civil rights complaint pursuant to 42 U.S.C. § 1983.   See 42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").   A prisoner's failure to exhaust administrative remedies is an affirmative defense that is not ordinarily raised by a court sua sponte.   Jones v. Bock, 549 U.S. 199, 211-215 (2007).   If the allegations on the face of a complaint show that relief is barred by an affirmative defense, such as the lack of exhaustion, however, a court may sua sponte dismiss the complaint for failure to state a claim

upon which relief may be granted.  Id. at 215; Mattox v. Edelman, 851 F.3d 583, 590 (6th Cir. 2017) (citing Jones and holding that if, on the face of a complaint, the allegations show that relief is barred by an affirmative defense (lack of exhaustion), the complaint is subject to dismissal for failure to state a claim); Barnett v. Laurel Cty., Ky., et al., No. 16-5658, 2017 WL 3402075, *2 (6th Cir. Jan. 30, 2017) (same); accord Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir. 2007) (ruling that a court can dismiss a case before service for failure to state a claim if the complaint shows that the prisoner failed to exhaust remedies).

In this case, Smith admits that he did not exhaust administrative remedies before instituting this action.  He states that he "attempted to resolve this issue through the grievance procedure but grievances were not available to prisoners in Unit-J Level-4 at G. Robert Cotton Correctional Facility."  ECF No. 1, PageID.5.  Such an allegation on the face of the complaint shows that Smith did not comply with the PLRA's exhaustion requirement.

A prisoner's failure to exhaust may be excused if administrative remedies are not reasonably available or would be futile, but the United States Court of Appeals for the Sixth Circuit requires a prisoner to make "affirmative efforts to comply with the administrative procedures before

analyzing whether the facility rendered these remedies unavailable." Napier v. Laurel Cty., Ky., 636 F.3d 218, 223 (6th Cir. 2011) (internal quotations and citations omitted) (discussing exhaustion under the PLRA). The Sixth Circuit has "consistently analyzed whether [a prisoner's] efforts to exhaust were sufficient under the circumstances, but in each case the prisoner did something." Id. at 224. A prisoner's subjective belief that a procedure is ineffective or futile is insufficient to excuse the exhaustion requirement. Id. at 222; Barnett, 2017 WL 3402075 at *2.

In this case, Smith neither alleges nor establishes that he made an affirmative effort to exhaust administrative remedies. Rather, he merely states that grievance forms were not available in his unit at the Cotton Correctional Facility. He does not explain what steps, if any, that he took to obtain any necessary forms, to file a handwritten grievance, or to otherwise exhaust administrative remedies while in that unit (or in another unit). Because Smith fails to allege facts indicating that he attempted to follow established administrative procedures, but was denied the opportunity to do so, he fails to demonstrate that administrative remedies are unavailable, that pursuing those remedies would be futile, or that exhaustion should otherwise be excused. Additionally, given that Smith is now confined at the Chippewa Correctional Facility, he has a fresh

opportunity to utilize the grievance procedure. Smith must fully exhaust, or at least attempt to fully exhaust, his administrative remedies before seeking relief in federal court. See Barnett, 2017 WL 3402075 at *2 (dismissing complaint on exhaustion grounds). Because he has not done so, his civil rights complaint must be dismissed.

Accordingly, for the reasons stated, the Court **DISMISSES WITHOUT PREJUDICE** the civil rights complaint for failure to state a claim upon which relief may be granted due to Smith's failure to exhaust, or adequately attempt to exhaust, administrative remedies.

The Court also concludes that an appeal from this decision cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962). This case is closed.

**IT IS SO ORDERED**.

s/George Caram Steeh
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: January 25, 2024

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 25, 2024, by electronic and/or ordinary mail and also on Damien Smith #766392, Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784.

s/LaShawn Saulsberry
Deputy Clerk